# Exhibit A


**UnLtd**
PO Box 1077
Fruitland, ID 83619
(208) 452-2261
(208) 452-2283 Fax

ISSUED: December 20, 2019

IN RE: American Student Assistance Corporation
vs
**STUDENT LOAN DEBT OF**

Jeffrey Cornelison
8512 S Wind Caves Lane
West Jordan, UT 84081

## WAGE WITHHOLDING ADMINISTRATIVE
## HEARING FINAL DECISION

### ISSUE

Whether American Student Assistance Corporation, has demonstrated, based on the preponderance of the evidence submitted, that it is entitled under§ 488A of the Higher Education Act of 1965 (20 U.S.C.1095a) to order the employer of the above named Borrower to withhold a portion of Borrower's wages.

### PROCEDURAL HISTORY

On July 29, 2019, American Student Assistance Corporation, through its duly authorized representative, Allied Interstate, hereafter referred to as "Allied Interstate", issued a "Notice Prior to Wage Withholding" pursuant to 20 U.S.C. 1095a. American Student Assistance Corporation contends that Borrower is indebted for certain defaulted student loan(s) made or guaranteed against loss pursuant to the Federal Family Education Loan Programs authorized by the Higher Education Act of 1965, as amended, as provided at 20 U.S.C. 1071 et seq. Borrower appealed American Student Assistance Corporation intent to withhold wages.

On October 25, 2019, UnLtd, P.O. Box 1077, Fruitland, ID 83619, mailed a "Notification of Telephonic Administrative Hearing" to Borrower at the address provided by Allied Interstate. This notification advised Borrower of the date and time of the scheduled hearing and the telephone number at which Borrower could contact hearing official.

On November 14, 2019, an independent Hearing Officer at UnLtd conducted a ***Telephonic Administrative Hearing***.

The undersigned independent Hearing Officer has been appointed by Allied Interstate in accordance with 20 U.S.C. 1095a to render a Decision in this matter. The Hearing Officer is not under the supervision or control of American Student Assistance Corporation or Allied Interstate.

After considering the evidence presented by both parties, I hereby issue these Findings of Fact and Decision:

## FINDINGS OF FACT

(1) Borrower defaulted on payment(s) of one (1) loan(s) made under the Federal Family Education Loan Programs (hereafter referred to as the "Defaulted Loans"). American Student Assistance Corporation is the current owner and holder of these Defaulted Loans.

(2) As required by 20 U.S.C. 1095a, Borrower was given at least thirty (30) days prior notice of the nature and amount of the loan(s) obligation to be collected, of American Student Assistance Corporation's intent to collect the debt through deductions from Borrower's wages and an explanation of his rights.

(3) Borrower requested a Telephonic administrative hearing pursuant to 20 U.S.C. 1095a.

(4) Borrower stated his reason(s) for requesting a hearing, was as follows:

- Unauthorized signature
- Not an enforceable debt

(5) On November 14, 2019, at 7:30 PM MST, UnLtd contacted Borrower by telephone to conduct a Telephonic administrative hearing. Allied Interstate was not present on the call. UnLtd called (801) 550-7473. Borrower answered and confirmed name, last four of Borrower's social security number, and current mailing address at 8512 S Wind Caves Ln, West Jordan, UT 84081. Recording stated. Borrower states that he attended Divers Institute of Technology in Seattle, WA, and also IT&T Technical School and the Department of Veterans Affairs made payments on his student loans. Borrower states that on the consolidation loan and promissory note that his name is spelled incorrectly, the name of his street is spelled incorrectly, that is not his driver's license, and he has never had the email on the address located on the promissory note. UnLtd asked Borrower if he had worked for Exit Reality and he stated no but was affiliated with them at that time. Borrower states he was able to get a copy of the driver's license for the number on the loan application. UnLtd asked if he had received anything stating that his student loans were paid in full or if these loans could be part of the consolidation. Borrower states that he does not remember. UnLtd explained the documents needed to prove identity theft and unauthorized signature, and discussed letter sent to Borrower from ECMC. UnLtd gave Borrower NSLDS.ed.gov website to see what loans were outstanding. Borrower requested additional time to get documents in.

(6) Allied Interstate provided UnLtd a copy of Borrower's hearing received on September 3, 2019, a copy of an extension letter from Allied Interstate to Borrower dated September 4, 2019, and a copy of a promissory notes and payment history from Allied Interstate to Borrower dated September 4, 2019.

(7) Allied Interstate's records indicate the loan(s) in question are one (1) Defaulted Loan(s).

(8) Continuance was requested and granted with letter dated November 18, 2019, sent to Borrower and a continuance date of December 16, 2019.

(9) Allied Interstate's extension letter to Borrower dated September 4, 2019, indicates "This correspondence is in response to your objection of withholding 15 percent of

your disposable pay. You are responsible for providing evidence to support any objection(s) you make to garnishment... Also enclosed with this letter are copies of your Promissory Note(s), or other debt validation documents, as well as a Statement of Account that will be presented at your upcoming hearing..." This letter was addressed to Borrower at 8512 S Wind Caves Ln, West Jordan, UT 84081.

(10) Allied Interstate's records indicate that Borrower submitted Loan Discharge Application: Identity Theft Claim, also known as False Certification (Unauthorized Signature/Payment) from Borrower.

(11) ECMC responded with letter dated September 20, 2019, denying request for the following reasons – "You did not provide us with a court judgment that was made in your favor that conclusively finds that you were a victim of identity theft and identifies the name(s) of the individual(s) who committed the crime. The Certification/Agreement of Cooperation of Identity Theft Claims was not notarized. You did not provide a notarized written statement that describes how the identity theft relates specifically to your student loan."

(12) Allied Interstate sent Borrower promissory note and itemization September 4, 2019.

(13) On the request for hearing form signed by the Borrower it states "(Attach a letter with any supporting documentation explaining any reason other than those listed above for your objection to collection of this loan(s) amount by garnishment of your salary.)"

(14) Borrower submitted letter dated September 16, 2019, along with copy of driver's license, and driver's history, letter from Department of Veterans Affairs dated April 4, 2018, collection letters, decision from Cox Consulting, and promissory note.

(15) Allied Interstate's records indicate that Allied Interstate has not received return mail from Borrower's address at 8512 S Wind Caves Ln, West Jordan, UT 84081.

(16) UnLtd's "Notification of Written Administrative Hearing" letter to Borrower dated October 25, 2019, indicates "Any additional documentation or information you wish to be reviewed by the Hearing Officer must be received at the address below by 11/11/2019... If you have any questions regarding your hearing, you can reach the Hearing Officer listed below..." The letter was addressed to Borrower at 8512 S Wind Caves Ln, West Jordan, UT 84081.

(17) Allied Interstate's records indicate that on October 24, 2019, Borrower's defaulted student loan account balance was $27,450.63 in principle, $10,281.56 in interest, and $6,481.53 in collections costs, for a total balance of $44,213.72.

(18) UnLtd's records indicate that additional documents were received as stated above.

(19) After a thorough review of all documentation, it is the opinion of UnLtd that Borrower did not provide sufficient documentation to substantiate Borrower's claim of unauthorized signature. It is the opinion of UnLtd that Borrower did not provide sufficient documentation to substantiate Borrower's claim of not an enforceable debt.

## DECISION

**Administrative wage garnishment is approved for 15 percent of the Borrower's disposable income.**

THIS DECISION IS ISSUED IN FRUITLAND, IDAHO, ON THE 20th OF DECEMBER 2019.

*Donna Cowgill* [signature]

Donna Cowgill
Administrative Wage Garnishment Hearing Officer
UnLtd.
PO Box 1077
Fruitland, ID 83619

Copies Issued:

Allied Interstate
12755 Highway 55 Suite 300
Plymouth, MN 55441

Jeffrey Cornelison
8512 S Wind Caves Lane
West Jordan, UT 84081